UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 05-444 (RJL)** |
| | : | |
| **v.** | : | **Status Hearing – February 10, 2006** |
| | : | |
| **ERICK CAMERON,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES:

The essential elements of the offense of Unlawful Possession with Intent to Distribute Five Grams or More of a Controlled Substance, to wit, Cocaine Base, also known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) are:

1. That the defendant possessed a controlled substance;

2. That the defendant did so knowingly and intentionally;

3. That when the defendant possessed the controlled substance, he had the specific intent to distribute it.  "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

4. The substance was cocaine base, also commonly known as crack which is smokeable or capable of being smoked; and

    5. The amount of cocaine base, which is also known as crack, weighed five grams or more.

<u>See</u> District of Columbia Criminal Jury Instruction 4.29 (1993) ("Red Book").

II.    <u>COPY OF THE PLEA AGREEMENT</u>:

    A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    <u>PENALTIES</u>:

    Pursuant to 21 U.S.C. § 841 (b)(1)(B) and 18 U.S.C. § 3583(b)(1), the crime of Unlawful Possession with Intent to Distribute Five Grams or More of a Controlled Substance, to wit, Cocaine Base, also known as crack, carries a penalty of incarceration of not less than 5 years and not more than 40 years, a fine of up to $2,000,000, or both, along with a term of supervised release of not less than 4 years and not more than 5 years.

    The defendant has agreed to pay a special assessment of $100 to the Clerk's Office for the United States District Court prior to the date of sentencing.

IV.    <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA</u>:

    If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt with competent, admissible evidence:

    Shortly after 7:00 p.m. on November 17, 2005, officers of the Metropolitan Police Department, patrolling in unmarked cars, drove into the parking lot of the Fort Dupont housing area in the 300 block Ridge Road, SE, Washington, DC. Officers saw the defendant standing by

a car. As the officers pulled up to a stop and got out of the unmarked police car, the defendant looked at them and reached for the front of his jacket and started to run away from the officers.

As the defendant ran from the officers, they saw him pull out a black gun and run to the rear of a Honda, bend down, and toss the gun under the Honda. One officer stopped by the Honda and stood guard over the gun while other officers followed the defendant. These officers saw the defendant toss from his hand two clear sandwich bags. The defendant was then stopped by officers. One sandwich bag contained two large loose white rock-like substances that weighed approximately 18.7 grams without the packaging. The other sandwich bag contained ten smaller zip-lock bags each with a green weed substance. A portion of the white rock-like substance field tested positive for cocaine base. The defendant was placed under arrest. In a search incident to that arrest, officers recovered $840 dollars from the defendant's right front pants pocket.

A forensic chemist at the Drug Enforcement Administration laboratory performed a chemical analysis of the white rock-like substance, which established that these two loose rocks contained a net weight of 18.5 grams of 69% pure cocaine base, a controlled substance.

The cocaine base analyzed by the DEA chemist is also known as crack, and is smokeable or capable of being smoked. The defendant knowingly and intentionally possessed the cocaine base, also known as crack, with the intent to distribute it.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. 451-058

        _____
        CATHARINE A. HARTZENBUSCH
        Assistant United States Attorney
        Bar No. 450-194
        Federal Major Crimes Section
        555 4th Street, N.W.  Room 4233
        Washington, DC 20530
        Catharine.Hartzenbusch@usdoj.gov
        (202) 353-8822

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will cause a copy of the foregoing to be served by electronic filing upon the attorney for the defendant, Lara Quint, Esq., this 2nd day of February, 2006

        _____
        Catharine A. Hartzenbusch
        Assistant United States Attorney