**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 05-444 (RJL) |
| : | |
| : | Sentencing: May 19, 2006 |
| ERICK CAMERON : | |
| : | |
| Defendant. : | |
| _____ : | |

**UNITED STATES' MOTION FOR**
**THREE POINT REDUCTION FOR ACCEPTANCE**
**OF RESPONSIBILITY**
**AND MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Three-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing. In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A. Factual Summary

1. On November 17, 2005, shortly after 7:00 p.m., officers with the Metropolitan Police Department were patrolling in unmarked vehicles and entered the parking lot of the Fort Dupont housing area located in the 300 block of Ridge Road, S.E., Washington, D.C.

2. As they entered the parking lot, the officers observed the defendant, later identified as Erick Cameron, standing near a car. The officers stopped their vehicle after they entered the parking lot. As they did so, the defendant looked at them, reached for the front of his jacket, and started to run away from the officers.

3. As the defendant ran away, the officers gave chase and observed him pull out a black gun[1] and run to the rear of a black Honda, bend down and toss the gun under the Honda. One officer stopped by the Honda and stood guard over the gun while the other officers continued to chase the defendant. These officers observed the defendant toss two clear sandwich bags as he was running. The defendant was then stopped by the officers.

4. The police recovered the bags. One bag contained two large loose white rock-like substance that weighed approximately 18.7 grams. The other bag contained ten smaller zip-lock bags that each contained a green weedlike substance. A DEA chemist later performed an analysis of this material and confirmed that the material in the first bag was 18.5 grams of crack cocaine. This material is smokeable. The chemist also confirmed that the other material was marijuana.

5. The defendant was placed under arrested and, in a search incident to that arrest, the police recovered $840 from the defendant's right front pants pocket.

Defendant's Acceptance of Responsibility

6. The defendant expressed an interest in entering into a plea early in this case. The defendant pled guilty on February 22, 2006, to one count of Unlawful Possession With the Intent to Distribute Five Grams or more of a Controlled Substance, to wit, Cocaine Base, also known as crack. Because of the defendant's early acceptance of responsibility, the United States was able to conserve valuable prosecution resources. Therefore, the defendant is entitled to a three-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines.

---

[1] The evidence would have also shown that the gun was operable and that it had been brought into the District of Columbia from another state.

**Memorandum in Aid of Sentencing**

7.   Based on the information set forth in the Presentence Investigation Report, the defendant's base offense level is 28, having pled guilty and accepted responsibility for unlawfully possessing five grams or more of crack cocaine. U.S.S.G. §2D1.1. The defendant, as set forth above, is entitled to a three point reduction in his base offense level pursuant to U.S.S.G. § 3E1.1. In the event that the Court grants the United States' motion, the defendant's base offense level would then be 25. Based on a total offense level of 25 and a criminal history category of III, the guideline range of imprisonment is 70 to 87 months. U.S.S.G. Chapter 5, Part A.[2] The government is recommending that the defendant be sentenced to 87 months. In addition, the government requests that the remaining counts in the indictment be dismissed pursuant to the terms of the plea agreement.

8. The Court should impose a sentence within the Sentencing Guideline range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment

---

[2] The government's position on defendant's base offense level, as well as its positions on all applicable specific offense characteristics and adjustments is supported by the Presentence Investigation Report – the Presentence Report writer having weighed the relevant objections of defense counsel prior to issuing the Report.

and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

9. In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.

10. The Sentencing Guideline range is not only presumptively reasonable, for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case. The facts and circumstances of this case, when viewed in conjunction with the defendant's criminal history warrant a sentence of incarceration at the upper end of the guideline range.

11. Although it is being dismissed, the defendant was in possession of a loaded 9mm semi-automatic pistol as he possessed the crack cocaine that forms the basis for the charge to which he pled guilty. In addition to carrying a gun, the defendant had over 18 grams of crack cocaine, 11 grams of marijuana, and nearly $900 in cash. Plainly, the record demonstrates that the defendant was

a catastrophe waiting to happen on the streets of the District of Columbia.

12. In addition, in not quite 8 years, the defendant has picked up five convictions,[3] and currently has three other charges pending in the Commonwealth of Virginia. The record of the defendant's convictions depict an ever-escalating criminality. While starting out with a juvenile conviction for destruction of property, the defendant has "progressed" through serious drug offenses and grand larceny. Now, the defendant stands convicted of possessing a significant amount of crack cocaine – while possessing a 9mm handgun. In addition, as reflected in the presentence report, the defendant has done extremely poorly on those occasions when he was under court supervision. Plainly, this results in a firm conclusion that the defendant should be incarcerated for a significant period of time. In sum, the defendant's behavior and background information noted in the PSI demonstrates that he is committed to engaging in unlawful activities that present real and substantial dangers to the community. For these reasons, the United States recommends that the defendant be sentenced to 87 months.

13. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the needs of the rehabilitative needs of the defendant. Id. The consideration of these factors supports the government's recommendation for 87 months of incarceration.

---

[3] Admittedly, one of the defendant's convictions is a juvenile conviction for destruction of property.

(a) <u>The Instant Offense and the Defendant's Criminal History</u>

14. As the above discussion demonstrates, the facts surrounding this offense support incarceration. Indeed, the combination of crack cocaine, marijuana and a gun reflect a situation that is fraught with danger to the community. If the gun did not result in the destruction of lives, then clearly the significant amount of crack and marijuana would have. Unlike crimes of passion or opportunity, this crime was committed for one reason and one reason only, and that reason can be found in the defendant's right front pants pocket: money. The circumstances of this offense are such that warrant incarceration so as to protect the community from what the defendant was doing (selling drugs) and to protecting the community from what he was willing to do (use a 9mm gun on the streets of the District of Columbia. Again, this offense was committed by an individual whose criminal history reflects an increasing level of seriousness and unlawfulness as the years go on.

(b) <u>Promoting Respect for the Law</u>

15. The defendant's record suggests that he is someone that needs to be taught respect for the law. The record here shows that the defendant has been given multiple opportunities to change his behavior over the years, and he has utterly failed to do. Indeed, the defendant's criminality is becoming progressively worse. Moreover, the defendant has done extremely poorly on supervision, picked up a charge for failing to appear in Virginia, and is in bench warrant status.

(c) <u>Deterence and protecting the Public</u>

16. In light of the fact that the defendant has been given several opportunities over the years, it would appear necessary for purposes of deterence to let other potential offenders know that they need to make the most out of any opportunity given to them and that there does comes a time when they will have to pay a price for their crimes. Moreover, the combination of guns and drugs warrant

the strongest possible reaction from the courts.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 87 months of incarceration.

                                                      Respectfully,

                                                      KENNETH L. WAINSTEIN
                                                    United States Attorney

                                                    By: _____
                                                    MICHAEL T. TRUSCOTT
                                                    ASSISTANT UNITED STATES ATTORNEY
                                                    Member of the New York Bar
                                                    Federal Major Crimes Section
                                                    United States Attorney's Office
                                                    555 Fourth Street, N.W., Room 4237
                                                    Washington, D.C. 20530
                                                    Phone: (202) 514-7533
                                                    Fax: (202) 514-6010

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing United States' Motion for Three-point Reduction for Acceptance of Responsibility and Memorandum in Aid of Sentencing was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendant, Lara Quint, Federal Defender Service, this  day of April, 2006.

 

                                           MICHAEL T. TRUSCOTT