IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 05-444 (RJL) |
| V. ) | |
| ) | |
| ERICK CAMERON ) | |
| _____ ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Erick Cameron, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32[1]. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Cameron respectfully asks the Court to sentence him to a period of incarceration of 60 months.

## BACKGROUND

On December 15, 2005, Mr. Cameron was charged in a four-count indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g) (Count One), one count of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count Two), one count of Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Three), and one count of Using, Carrying and Possession of a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924 (c)(1)(Count Four).

---

[1] Attached for the Court's consideration are a series of letters submitted on behalf of Mr. Cameron by family members.

On February 2, 2006, Mr. Cameron pled guilty to Count Two, in accordance with a written plea agreement.

## DISCUSSION

**I.      THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary,

to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.   UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. CAMERON SHOULD RECEIVE A SENTENCE OF INCARCERATION OF 60 MONTHS**

A.   Statutory Provisions

Pursuant to the applicable statute, the minimum term of imprisonment is five years for this Class B felony, while the maximum term of imprisonment is forty years. 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(iii).

B.   Advisory Sentencing Guidelines

(I).   *Applicable Guideline Range*

The Probation Office, consulting the 2005 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 25 and that Mr. Cameron's criminal history category is III, resulting in an advisory Guideline range of 70-87 months.

C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

4

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

The crime to which Mr. Cameron pled guilty is a serious offense. While Mr. Cameron in no way wishes to diminish its seriousness, he does ask the Court to take into account the fact that he did not commit–nor has he ever committed–a crime of violence. In addition to being extremely young–Mr. Cameron is 22 years old–, Mr. Cameron has a history of substance abuse. While his age and drug problem do not excuse his behavior, they help to explain, and provide a context for, the bad judgment he exercised in the instant case. That the crime for which Mr. Cameron is being sentenced is a drug offense is further noteworthy when viewed in light of his family history. As indicated in both the Presentence Investigation Report (hereinafter, 'PSR") and the letters submitted on his behalf, Mr. Cameron suffered as a result of both his parents' drug abuse during his childhood. Mr. Cameron grew up with, and was reared by, his paternal grandmother. His mother was incarcerated as a result of her drug abuse and his father was both incarcerated and placed in treatment as a result of his. While Mr. Cameron enjoys a close and positive relationship with his grandmother, the fact that drugs took both his parents away during much of his childhood undoubtedly shaped his upbringing. A life of substance abuse was the first life to which he was exposed.

*II. Characteristics of the Defendant*

As set forth in the PSR and noted above, Mr. Cameron is a young man whose experience with drugs commenced when he was even younger. While the government understandably refers to Mr. Cameron's criminal history, it is worth noting that his criminal history points, for Guideline purposes, are based on offenses he committed between the ages of 16 and 21. With the exception of one simple possession of cocaine offense, the remainder of his offenses stem from marijuana use. The longest period of time Mr. Cameron has ever spent incarcerated is the period of time he has spent, pending sentencing, in the instant case. The time that he has spent incarcerated has already been a wake-up call; a sentence of 60 months would be more than adequate to send a message and provide appreciable punishment.

While Mr. Cameron did not receive any meaningful parental guidance himself as a child, he has striven to be an active figure in the life of his own four-year daughter, Destiny. Mr. Cameron has been in a stable relationship with the mother of his child for four years, sees the child on a regular basis, and provides for her both emotionally and financially. Mr. Cameron has never been separated from his daughter for an extended period of time; he very much hopes to be a present and active father figure to her when he is released from incarceration. It is partly for this reason that, upon being charged with the instant offense, Mr. Cameron indicated an immediate willingness to accept responsibility, plead guilty, and forego the filing of any pre-trial motions.

*III.  Needs of the Community and Public*

For the reasons stated in Section II, were the Court to sentence Mr. Cameron to a significant period of imprisonment, his absence would cause both financial and emotional

hardship to his young daughter. Especially in light of the fact that Mr. Cameron has never spent any significant time in jail or prison, a lengthy period of incarceration would not only be unnecessary in terms of sending a message but would be unduly punitive. Clearly, Mr. Cameron's drug use is what has caused him to pose a danger to himself and the community. What Mr. Cameron needs is intensive treatment–the intensive treatment he has never received. A sentence of 60 months, incorporating treatment, would not only be a fair and reasonable sentence, but would ensure that, when Mr. Cameron is released, he can be a productive member of the community and a caring–and present–father to his child.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Cameron asks the Court to sentence him to a period of incarceration of 60 months. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

As Mr. Cameron has never served more than a few months' incarceration, there is no need for a sentence of 70-87 months to act as a deterrent. Furthermore, a sentence of imprisonment longer than 60 months is unnecessary to fulfill either a punitive nor a rehabilitative purpose. In light of the fact that Mr. Cameron pled guilty in a timely fashion, as well as the fact that two of Mr. Cameron's six criminal history points stem from the fact that he is currently on probation, a sentence at the high end of the Guidelines, as requested by the government, would serve no purpose other than punishment.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ex.134